UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIB ROOF METAL SYSTEMS, INC. and
COMPONENTS PLUS, INC.,

        Plaintiffs,

v.

NATIONAL STORAGE CENTERS OF
REDFORD, INC.,

        Defendant.

Case: 07-CV-13731
Hon. Paul D. Borman
Referral Judge: R. Steven Whalen

---

Matthew J. Boettcher (P40929)
Plunkett, Cooney
Attorneys for Plaintiffs
38505 Woodward Avenue, Ste. 2000
Bloomfield Hills, MI 48304
(248) 901-4035
mboettcher@plunkettcooney.com

Jill A. Bankey (P48202)
Venus T. Shaman (P66073)
Attorneys for Defendant
One Towne Square, Suite 1835
Southfield, MI 48076
(248) 386-5900
Jbankey@sghglaw.com

---

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Defendant NMS of Redford Limited Partnership d/b/a National Storage Centers of Redford, Inc., by and through its attorneys Siegel, Greenfield, Hayes & Gross P.L.C., and for its Answer to Complaint for Declaratory Judgment, hereby states as follows:

1. Defendant neither admits nor denies the allegations set forth in Paragraph 1 of the Complaint for the reasons that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

2. Defendant neither admits nor denies the allegations set forth in Paragraph 2 of the Complaint for the reasons that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

3. Defendant denies the allegations set forth in Paragraph 3 of the Complaint. By way of further answer, Defendant NMS of Redford is a Michigan limited partnership doing business as National Storage Centers of Redford. Its principal place of business is located at 30301 Northwestern Highway, Suite 400, in the City of Farmington Hills, County of Oakland, State of Michigan..

4. Defendant denies that Plaintiffs are entitled to retain Defendant's funds. Defendant admits that its funds are in Rib Roof's possession. Defendant neither admits nor denies the remaining allegations set forth in Paragraph 4 of the Complaint for the reasons that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

5. Defendant admits that the U.S. District Court of the Eastern District of Michigan has subject matter jurisdiction. Defendant neither admits nor denies the remaining allegations set forth in Paragraph 5 of the Complaint for the reasons that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

6. Defendant admits that the U.S. District Court for the Eastern District of Michigan Southern Division has personal jurisdiction over Defendant and is the appropriate venue for this case to be heard. Defendant neither admits nor denies the remaining allegations set forth in Paragraph 6 of the Complaint for the reasons that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

## ALLEGATIONS OF FACTS

7. Defendant admits that a true and accurate copy of its check is attached as Exhibit A to the Complaint. Defendant admits that its check is made payable to Rib Roof, Inc. Defendant neither admits nor denies the remaining allegations set forth in Paragraph 7 of the Complaint for the reasons that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

8. Defendant admits that it delivered the check to Gary Gerrits who sent the check to Rib Roof. Defendant neither admits nor denies the remaining allegations set forth in Paragraph 8 of the Complaint for the reasons that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

9. Defendant neither admits nor denies the allegations set forth in Paragraph 9 of the Complaint for the reasons that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

10. Defendant admits that Rib Roof negotiated the check and retained the Funds. Defendant neither admits nor denies the remaining allegations set forth in Paragraph 10 of the Complaint for the reasons that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

11. Defendant admits the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant admits the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant denies that there exists any privity of contract between it and Rib Roof, and/or CPI. Upon information and belief, Gerrits, through his company, Commerce Companies, LLC, entered into a contract with Paramount Metals for materials and

services in connection with the construction of a storage facility owned by Defendant in Redford, Michigan. Upon information and belief, Paramount Metals entered into a subcontract with Rib Roof and CPI for materials and/or services. Defendant neither admits nor denies the remaining allegations set forth in Paragraph 13 of the Complaint for the reasons that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

14. Defendant neither admits nor denies the allegations set forth in Paragraph 14 of the Complaint for the reasons that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

15. Defendant requests that this Honorable Court deny Plaintiffs' request for declaratory judgment.

   1) Defendant neither admits nor denies the allegation that Rib Roof provided material and services to Defendant in the amount of $16,143.70. Defendant neither admits nor denies the remaining allegations set forth in Paragraph 15. 1) of the Complaint for the reasons that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

   2) Defendant neither admits nor denies the allegation that CPI supplied materials to Defendant in the amount of $18,760.027. Defendant neither admits nor denies the remaining allegations set forth in Paragraph 15. 2) of the Complaint for the reasons that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

   3) Defendant denies that Rib Roof has no obligation to pay the remainder of the

funds to Defendant. Defendant denies that Rib roof is properly retaining the remainder as payment on an open account from Gary Gerrits.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant the following relief:

A. Enter a declaratory judgment declaring that Defendant is the rightful owner of the Funds;

B. Enter an order compelling Plaintiffs to deliver the Funds to Defendant immediately;

C. Award Defendant money damages as a result of Plaintiffs' wrongful retention and/or conversion of the funds;

D. Award Defendant all of the relief requested in its Counterclaim;

E. Award Defendant its attorney fees and costs so wrongfully incurred in having to bring this action; and

F. Grant such other and further relief as this Court deems equitable and just.

Respectfully submitted,

SIEGEL, GREENFIELD, HAYES & GROSS P.L.C.

By: *Jill A. Bankey*
Jill A. Bankey (P48202)
Venus T. Shaman (P66073)
Attorneys for Defendant
One Towne Square, Suite 1835
Southfield, Michigan 48076
(248) 386-5900

Dated: November 19, 2007

5