UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIB ROOF METAL SYSTEMS, INC. and
COMPONENTS PLUS, INC.,

        Plaintiffs/Counter-Defendants,

v.

NATIONAL STORAGE CENTERS OF
REDFORD, INC.,

        Defendant/Counter-Plaintiff.

Case: 07-CV-13731
Hon. Paul D. Borman
Referral Judge: R. Steven Whalen

---

| | |
|---|---|
| Matthew J. Boettcher (P40929)<br>Plunkett, Cooney<br>Attorneys for Plaintiffs<br>38505 Woodward Avenue, Ste. 2000<br>Bloomfield Hills, MI 48304<br>(248) 901-4035<br>mboettcher@plunkettcooney.com | Jill A. Bankey (P48202)<br>Venus T. Shaman (P66073)<br>Attorneys for Defendant<br>One Towne Square, Suite 1835<br>Southfield, MI 48076<br>(248) 386-5900<br>jbankey@sghglaw.com |

---

## NMS OF REDFORD LIMITED PARTNERSHIP d/b/a NATIONAL STORAGE CENTERS OF REDFORD, INC.'S COUNTERCLAIM

NOW COMES Counter-Plaintiff NMS of Redford Limited Partnership d/b/a National Storage Centers of Redford, Inc., by and through its attorneys Siegel, Greenfield, Hayes & Gross P.L.C., and for its Counterclaim against Counter-Defendants Rib Roof Metal Systems, Inc. and Components Plus, Inc., hereby states as follows:

### JURISDICTION AND VENUE

1.     Counter-Plaintiff, NMS OF REDFORD LIMITED PARTNERSHIP, is a Michigan limited partnership conducting business as National Storage Centers of Redford. Its principle office address is 30301 Northwestern Highway, Suite 400, City of Farmington Hills, County of Oakland, State of Michigan.

2. Upon information and belief, Counter-Defendant, RIB ROOF METAL SYSTEMS, INC. (hereinafter "Rib Roof"), is a foreign corporation whose principal place of business is 570 Morrison Road, Rossville, Tennessee 38066.

3. Upon information and belief, Counter-Defendant, COMPONENTS PLUS, INC. (hereinafter "Components Plus"), is a foreign corporation whose principal place of business is 460 Clay Road, Building 700, Sunnyvale, Texas 75182.

4. Counter-Plaintiff seeks damages in an amount in excess of $75,000.00.

5. Counter-Plaintiff also seeks equitable relief.

6. Jurisdiction and venue are otherwise proper before this Honorable Court.

## COMMON ALLEGATIONS

7. Counter-Plaintiff hereby incorporates paragraphs 1 through 6 of its Counterclaim as though more fully set forth herein.

8. Counter-Plaintiff owns the real property commonly known as 9125 Telegraph Road, Redford, Michigan (hereinafter "the Property").

9. Counter-Plaintiff desired to convert the existing building on the Property to a self-storage facility.

10. On or about January 23, 2006, Counter-Plaintiff entered into an Agreement for Construction Services (hereinafter "Agreement") with non-party Commerce Companies, LLC, pursuant to which Commerce Companies, LLC was to construct a self-storage facility (hereinafter the "Redford Project") on the Property.

11. Gary Gerrits is a member of and/or an agent of Commerce Companies, LLC.

12. Pursuant to the terms of the Agreement, Commerce Companies agreed to construct

and complete construction of the Redford Project for a fixed price of One Million Six Hundred Twenty-Four Thousand Eight Hundred Eighty-Six Dollars ($1,624,886.00) (hereinafter the "Contract Sum").

13. Pursuant to the Agreement, in consideration for Commerce's promises and performance under the Agreement, Counter-Plaintiff agreed to pay Commerce Companies the Contract Sum.

14. Pursuant to the Agreement, Commerce Companies would perform construction services and then it would request a payment from Counter-Plaintiff as construction progressed.

15. Upon information and belief, non-parties Gary Gerrits and Commerce Companies procured the Redford Project and Agreement so as to place them in a position to defraud Counter-Plaintiff out of money.

16. Upon information and belief, Gerrits and Commerce Companies knew they would have access to Counter-Plaintiff's construction funds which they needed to pay their prior personal and corporate debts.

17. Upon information and belief, Gerrits and Commerce Companies intended to defraud Counter-Plaintiff out of money once construction was underway by creating false subcontractor agreements, and by receiving the subcontractors' money and not paying the subcontractors.

18. On or about January 23, 2006, Commerce Companies began construction of the Redford Project.

19. In February, 2006, Gerrits approached Counter-Plaintiff and showed Counter-Plaintiff a fraudulent Subcontractor Agreement representing that Counter-Defendant Rib Roof was a subcontractor on the Redford Project.

20. Gerrits further represented that Rib Roof was owed One Hundred Thirty-Seven Thousand Nine Hundred Seventy-Five Dollars ($137,975.00) for labor and materials provided or to be provided to the Redford Project.

21. In fact, Rib Roof was not a subcontractor for the Redford Project and it was not owed One Hundred Thirty-Seven Thousand Nine Hundred Seventy-Five Dollars ($137,975.00) for labor and materials supplied to the Redford Project.

22. Instead, Gerrits, individually, and Commerce were indebted to Rib Roof and/or its owners for labor and materials supplied to an unrelated project and/or for a personal loan.

23. As a result, based upon Gerrit and Commerce's representations, on or about February 8, 2006, Counter-Plaintiff issued a check made payable to Rib Roof in the amount of One Hundred Thirty-Seven Thousand Nine Hundred Seventy-Five Dollars ($137,975.00).

24. Gerrits and Commerce fraudulently obtained One Hundred Thirty-Seven Thousand Nine Hundred Seventy-Five Dollars ($137,975.00) from Counter-Plaintiff to pay his and/or Commerce's debts.

25. On February 10, 2006, Third-Party Defendant Gerrits delivered the check to Rib Roof and directed Rib Roof to apply the check to Plaintiff/Counter-Defendant Commerce's prior debt and to Third-Party Defendant Gerrits' personal debt.

26. Rib Roof negotiated the check and retained the funds.

27. These funds are the property of Counter-Plaintiff.

28. Upon learning that Rib Roof was not a subcontractor on the Redford Project, and was not owned $137,975.00 for the Redford Project, Counter-Plaintiff demanded the return of the check and funds from Rib Roof.

4

29. Rib Roof refused, and still refuses to return Counter-Plaintiff's funds to it.

30. Rib Roof is wrongfully exhibiting dominion and control over Counter-Plaintiff's property.

31. Gerrits' and Commerce's action(s) constitute conversion of Counter-Plaintiff's property.

32. Rib Roof's actions constitute conversion of Counter-Plaintiff's property.

33. Upon information and belief, Rib Roof delivered and/or diverted part of Counter-Plaintiff's funds to Components Plus, Inc.

34. Upon information and belief, Components Plus, Inc. refuses to deliver or return Counter-Plaintiff's funds to it.

35. Components Plus is wrongfully exerting dominion and control over Counter-Plaintiff's Property.

36. Components Plus' actions constitute conversion of Counter-Plaintiff's Property.

37. Commerce completed construction of the Redford Project.

38. Commerce failed to pay certain of the subcontractors on the Redford Project, one being Paramount Metals, Inc.

39. Upon information and belief, Paramount Metals, and not Rib Roof, was the actual supplier of materials to the Redford Project.

40. Upon information and belief, Paramount Metals and/or Rib Roof are somehow related companies, or their owners are related.

41. Upon information and belief, Paramount Metals and Rib Roof are in the same or similar line of business.

5

42. Upon information and belief, Paramount Metals subcontracted with Rib Roof and/or Components Plus for the manufacturing and/or supply of materials for the Redford Project.

43. Upon information and belief, there exists a contractual relationship between or among Paramount Metals, Rib Roof, and/or Components Plus, in connection with materials to be supplied to the Redford project pursuant to Paramount Metals' Subcontractor Agreement with Commerce Companies.

44. There exists no contractual relationship between Counter-Plaintiff and Rib Roof in connection with the Redford self-storage facility.

45. There exists no contractual relationship between Counter-Plaintiff and Components Plus in connection with the Redford self-storage facility.

46. Rib Roof alleges that Paramount Metals failed to compensate it for materials and/or services rendered in connection with the Redford project.

47. Components Plus alleges that Paramount Metals failed to compensate it for materials and/or services rendered in connection with the Redford project.

48. Rib Roof failed to record a claim of lien against the Property.

49. Components Plus failed to record a claim of lien against the Property.

50. Rib Roof has no claim for non-payment against Counter-Plaintiff, as the owner of the Property.

51. Components Plus has no claim for non-payment against Counter-Plaintiff, as the owner of the Property.

52. Paramount Metals filed a Claim of Lien in the amount of $22,160.00 against the Property.

53. In December, 2006, Counter-Plaintiff, as the owner of the Property, reached a settlement with Paramount Metals, relating to its Claim of Lien.

54. Counter-Plaintiff paid Paramount Metals an agreed upon sum and Paramount Metals released its Lien against the Property.

55. Even though Counter-Plaintiff has paid Paramount Metals in connection with its Subcontractor Agreement, and despite the fact there exists no contractual obligation for Counter-Plaintiff to pay Rib Roof or Component Plus for any services or materials rendered to the Redford Property, Counter-Defendants refuse to return Counter-Plaintiff's funds and/or property to it.

56. As a direct and proximate result of Rib Roof and/or Components Plus' actions and inactions, Counter-Plaintiff has been damaged in an amount in excess of $137,975.00.

## COUNT I - CONVERSION

57. Counter Plaintiff hereby incorporates Paragraphs 1 through 56 of its Counterclaim as though more fully set forth herein.

58. Counter-Defendants received funds which Counter-Defendants knew or became aware, were wrongfully in possession of Gerrits and/or Commerce Companies.

59. Counter-Defendants had no right to receive Counter-Plaintiff's property.

60. At the time Counter-Defendants received Counter-Plaintiff's funds, Counter-Plaintiff was not indebted to Counter-Defendants.

61. Counter-Defendants converted Counter-Plaintiff's funds, which were rightfully Counter-Plaintiff, for their own use.

62. As a result of Counter-Defendants converting Counter-Plaintiff's funds for their own use, Counter-Plaintiff has suffered damages.

WHEREFORE, Counter-Plaintiff National Storage Centers of Redford, Inc., d/b/a NMS of Redford, Inc., respectfully requests that this Honorable Court grant it the following relief:

    A.    Find that Defendants converted Counter-Plaintiff's funds for their own use;

    B.    Award Counter-Plaintiff damages in the amount of $137,975.00;

    C.    Award Counter-Plaintiff its attorney fees and costs so wrongfully incurred in having to bring this action; and

    D.    Grant such other and further relief as this Court deems equitable and just.

### COUNT II - STATUTORY CONVERSION

63.    Counter-Plaintiff hereby incorporates paragraphs 1 through 62 of its Counterclaim as though more fully set forth herein.

64.    Counter-Defendants converted Counter-Plaintiff's funds which rightfully belonged to Counter-Plaintiff.

65.    Counter-Defendants have wrongfully exerted dominion and control over Counter-Plaintiff's funds for their own use.

66.    As a result of Counter-Defendants conversion of Counter-Plaintiff's funds, Counter-Plaintiff has suffered damages.

67.    Pursuant to MCL §600.2919a, Counter-Defendants are liable to Counter-Plaintiff for three times the amount of Counter-Plaintiff's actual damages, plus costs and reasonable attorney fees.

WHEREFORE, Counter-Plaintiff National Storage Centers of Redford, Inc., d/b/a NMS of Redford, Inc., respectfully requests that this Honorable Court grant it the following relief:

    A.    Find that Defendants converted Counter-Plaintiff's funds for their own use;

B. Award Counter-Plaintiff damages in the amount of $137,975.00;

C. Award Counter-Plaintiff treble damages pursuant to MCL §600.2919a;

D. Award Counter-Plaintiff its costs and reasonable attorney fees pursuant to MCL §600.2919a; and

E. Grant such other and further relief as this Court deems equitable and just.

### COUNT III - UNJUST ENRICHMENT

68. Counter-Plaintiff hereby incorporates paragraphs 1 through 67 of its Counterclaim as though more fully set forth herein.

69. Counter-Defendants received a benefit from Counter-Plaintiff, in that they received $137,975.00 from Counter-Plaintiff to which they were not entitled.

70. It would be inequitable to allow Counter-Defendants to retain this benefit without compensating Counter-Plaintiff for the benefits conferred upon Counter-Defendants.

71. To avoid an unjust enrichment, Counter-Plaintiff should be awarded damages in the amount of $137,975.00, or Counter-Defendants should be ordered to return Counter-Plaintiff's funds to it.

WHEREFORE, Counter-Plaintiff National Storage Centers of Redford, Inc., d/b/a Counter-Plaintiff of Redford, Inc., respectfully requests that this Honorable Court grant it the following relief:

A. Award Counter-Plaintiff damages in the amount of $137,975.00;

B. Award Counter-Plaintiff its attorney fees and costs so wrongfully incurred in having to bring this action; and

C. Grant such other and further relief as this Court deems equitable and just.

## IV - CIVIL CONSPIRACY

72.     Counter-Plaintiff hereby incorporates Paragraphs 1 through 71 of its Counterclaim as though more fully set forth herein.

73.     There was concerted action between and among Counter-Defendants, Gerrits, and/or Commerce Companies.

74.     Counter-Defendants acted in concerted action with Gerrits and/or Commerce Companies, with or for an unlawful purpose.

75.     Counter-Defendants' concerted action with Gerrits and/or Commerce Companies was to accomplish an unlawful purpose and to cause damage to Counter-Plaintiff.

76.     Counter-Defendants, together with Gerrits and/or Commerce Companies, conspired to injure Counter-Plaintiff, conspired to obtain funds from Counter-Plaintiff, and conspired to deprive Counter-Plaintiff of its funds.

77.     As a direct and proximate result, Counter-Plaintiff has been damaged in the amount of $137,975.00.

WHEREFORE, Counter-Plaintiff National Storage Centers of Redford, Inc., d/b/a NMS of Redford, Inc., respectfully requests that this Honorable Court grant it money damages against Counter-Defendants in the amount of $137,975.00, award Counter-Plaintiff its attorney fees and costs so wrongfully incurred in having to bring this action, and grant such other and further relief as this Court deems equitable and just.

## V - DECLARATORY JUDGMENT

78.     Counter-Plaintiff hereby incorporates paragraphs 1 through 77 of its Counterclaim as though more fully set forth herein.

79. Counter-Plaintiff has the right, title, interest and claim to the $137,975.00, being held by Counter-Defendants.

80. Counter-Defendants believe that they are entitled to retain Counter-Plaintiff's funds.

81. There exists a case of actual controversy.

82. Counter-Plaintiff respectfully requests that this Honorable Court declare the rights of Counter-Plaintiff and Counter-Defendants, as they relate to Counter-Plaintiff's funds in the amount of $137,975.00 being held by Counter-Defendants.

WHEREFORE, Counter-Plaintiff National Storage Centers of Redford, Inc., d/b/a NMS of Redford, Inc., respectfully requests that this Honorable Court grant it the following relief:

    A. Enter a declaratory judgment in favor of Counter-Plaintiff and against Counter-Defendants;

    B. Declare and find that the $137,975.00 in the possession of Counter-Defendants is the sole property of Counter-Plaintiff;

    C. Declare and find that Counter-Defendants have no claim, right, title or interest, in or to Counter-Plaintiff's funds being held by Counter-Defendants in the amount of $137,975.00;

    D. Award Counter-Plaintiff its attorney fees and costs so wrongfully incurred in having to bring this action; and

    E. Grant such other and further relief as this Court deems equitable and just.

Respectfully submitted,

SIEGEL, GREENFIELD, HAYES & GROSS P..L.C.

By: *Jill A. Bankey*
Jill A. Bankey (P48202)
Venus T. Shaman (P66073)
Attorneys for Counter-Plaintiff
One Towne Square, Suite 1835
Southfield, Michigan 48076
(248) 386-5900
Jbankey@sghglaw.com

Dated: November 19, 2007